**REVISED May 20, 2020**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 19-30284
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUAL HILTON, also known as Joshua Hilton, also known as Josh Hilton,

Defendant-Appellant

———————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CR-77-1

———————————————

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Joshual Hilton was convicted by a jury of a drug trafficking offense, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking offense, and sentenced to a total of 384 months of imprisonment. He now appeals his convictions on the grounds that (1) the district court erroneously denied a pretrial motion to disclose the identity of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidential informant (CI), (2) the Government elicited hearsay statements in violation of the Confrontation Clause, and (3) his trial attorney rendered ineffective assistance by failing to object to the Confrontation Clause violations.

We review Hilton's first two issues for plain error because both were unpreserved in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Assuming for the sake of argument that there was clear or obvious error on either or both grounds, we affirm on the third prong of plain error review because Hilton has failed to demonstrate an effect on his substantial rights. *See id.*  In light of the significant other evidence of his guilt, including Hilton's high-speed flight from law enforcement officers and admission that the drugs and gun found in his residence were his, we are unpersuaded that he has shown a reasonable probability that, but for the non-disclosure of the CI's identity or the admission of hearsay statements from the CI, the outcome of his trial would have been different. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).

As to Hilton's third issue, we are also unpersuaded that this is one of the rare cases in which the record is sufficiently developed to allow this court to consider his claim of ineffective assistance of trial counsel in the first instance on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Accordingly, we deny that claim without prejudice to Hilton's right to pursue it on collateral review.  *Id.*

AFFIRMED.